UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **ALISON KAREEM,** | : | Case No. 1:20-CV-2457 |
| Plaintiff, | : | |
| | : | Judge _____ |
| v. | : | |
| | : | |
| **CUYAHOGA COUNTY** | : | |
| **BOARD OF ELECTIONS,** | : | **COMPLAINT** |
| | : | |
| and | : | |
| | : | |
| **FRANK LaROSE,** | : | |
| **Ohio Secretary of State,** | : | |
| | : | |
| and | : | |
| | : | |
| **MICHAEL C. O'MALLEY,** | : | |
| **Cuyahoga County Prosecuting Attorney,** | : | |
| | : | |
| Defendants. | : | |

ALISON KAREEM for her Complaint hereby alleges as follows:

## INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. 1983 that challenges, based upon the First and Fourteenth Amendment to the United States Constitution, the prohibitions in Ohio law by which an elector is precluded, under pain of criminal liability, from: (i) "exhibit[ing] any ticket or ballot which the elector intends to cast" at any election; and (ii) "allow[ing] the elector's ballot to be seen by another … with the apparent intention of letting it be known how the elector is about to vote."

2. Thus, the foregoing provisions of Ohio law prohibit, under pain of potential criminal liability, the publication by an elector on social media or otherwise of the elector's completed ballot (which has been given generally the appellation of a "ballot selfie").

3. The foregoing provisions of Ohio law prohibiting the publication of a ballot selfie constitute content-based regulations of core political speech that do not satisfy the requirements of strict scrutiny, *i.e.*, justified by a compelling governmental interest that is narrowly drawn to achieve that interest.

4. The foregoing provisions of Ohio law as applied to prohibit the publication of a ballot selfie are overbroad restrictions on core political speech as the scope of any legitimate prohibition within such statutory prohibitions sweeps too wide and encompasses protected political speech within its prohibitions so as to deter constitutionally-protected speech.

5. Plaintiff seeks declaratory and injunctive relief enjoining the enforcement of Ohio Rev. Code § 3501.35(A)(4) and a provision of Ohio Rev. Code § 3599.20 to the extent either or both provisions prohibit the posting on social media or elsewhere by an individual of the voted ballot of such individual during the course of any election, together with an award of nominal damages in light of the infringement of his fundamental constitutional rights which have occurred and is on-going.

## JURISDICTION & VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the First and Fourteenth Amendments to the United States Constitution; 28 U.S.C. § 1343(a)(3), in that it is brought to redress deprivations, under color of state law, of the rights, privileges, and immunities secured by the United States Constitution; 28 U.S.C. 1343(a)(4), in that it seeks to recover nominal damages and secure equitable relief under an Act of Congress, specifically, 42 U.S.C. § 1983, which provides a cause of action for the protection of civil rights; 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57, to secure declaratory relief; and 28 U.S.C. § 2202 and Fed. R. Civ.

P. 65, to secure injunctive relief.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) as the Defendants transact business within this District and the conduct complained of occurred within this District.'

## PARTIES

8. Plaintiff ALISON KAREEM is a citizen of the State of Ohio and a resident of Cuyahoga County, Ohio.

9. Defendant CUYAHOGA COUNTY BOARD OF ELECTIONS is one of the 88 boards established under Chapter 35 of the Ohio Revised Code for the implementation and enforcement of Ohio election laws at the county level, including the statutes at issue herein.

10. Each member of the CUYAHOGA COUNTY BOARD OF ELECTIONS has taken the oath prescribed by Ohio Rev. Code § 3501.08 that includes the obligation that he or she "will enforce the election laws" which include the provisions of Ohio law at issue herein.

11. Defendant MICHAEL C. O'MALLEY is the Cuyahoga County Prosecuting Attorney and, in such capacity, is the legal counsel for the CUYAHOGA COUNTY BOARD OF ELECTIONS and is also responsible for the enforcement and prosecution of violations of Ohio's election laws, including the statutes at issue herein. MICHAEL C. O'MALLEY is named herein in his official capacity only.

12. Defendant FRANK LAROSE is the Ohio Secretary of State and, in such capacity, is the chief election official for the State of Ohio, including issuing directives to the local county board of elections concerning the enforcement of Ohio's elections laws, including the statutes at issue herein. Furthermore, as the chief election official for the State of Ohio, FRANK LAROSE has the legal duty to generally ensure the enforcement of elections laws and the specific duty to

"[c]ompel the observance by election officers in the several counties of the requirements of the election laws." Ohio Rev. Code § 3501.35(M). FRANK LaROSE is named herein in his official capacity only.

13. With respect to the conduct at issue herein, all Defendants were operating under color of law.

## ALLEGATIONS

14. Ohio Rev. Code § 3501.35(A)(4) prohibits, "[d]uring an election and the counting of the ballots", any person from "[e]xhibit[ing] any ticket or ballot which the elector intends to cast".

15. Ohio Rev. Code § 3599.20 prohibits, *inter alia*, any elector from "allow[ing] the elector's ballot to be seen by another … with the apparent intention of letting it be known how the elector is about to vote."

16. Ohio Rev. Code § 3501.35(A)(4) and/or the foregoing prohibition in Ohio Rev. Code § 3599.20 constitute part of the election laws of the State of Ohio for which Defendants are responsible for the enforcement thereof.

17. Election officials with the State of Ohio have publicly declared that Ohio Rev. Code § 3501.35(A)(4) and/or Ohio Rev. Code § 3599.20 make illegal, *inter alia,* the publication or dissemination of a photograph of an individual's mark ballot at any election, *i.e.*, either or both provisions prohibit what has been given the appellation of a "ballot selfie".

18. Since at least 2016, elections officials within the State of Ohio, including, without limitation, the CUYAHOGA COUNTY BOARD OF ELECTIONS, have reiterated that the posting or publication of a ballot selfie is a violation of the criminal laws of the State of Ohio, *i.e.*, Ohio Rev. Code § 3501.35(A)(4) and/or Ohio Rev. Code § 3599.20.

–4–

19. In fact, during the course of the 2016 election, the CUYAHOGA COUNTY BOARD OF ELECTIONS publicly declared and warned the public, through its Twitter account, that "it is illegal in [Ohio] to post a picture of your voted ballot":



20. To date, the CUYAHOGA COUNTY BOARD OF ELECTIONS has not repudiated its public declaration that "it is illegal in [Ohio] to post a picture of your voted ballot".

21. Furthermore, since at least 2016, the Office of the Ohio Secretary of State has refused to offer any guidance on the scope or application of Ohio Rev. Code § 3501.35(A)(4) and/or Ohio Rev. Code § 3599.20 (and, in particular, the application *vel non* of such prohibitions therein to ballot selfies) so as to leave all individuals, including ALISON KAREEM, at best to guess as to the scope of permissible versus non-permissible conduct under Ohio Rev. Code § 3501.35(A)(4) and/or Ohio Rev. Code § 3599.20 when it comes to posting or publishing a ballot selfie.

22. Furthermore, in October 2016, a bill was introduced in the Ohio General Assembly to amend Ohio Rev. Code § 3501.35 and Ohio Rev. Code § 3599.20 so as to remove the prohibition against the posting or dissemination of a ballot selfie. *See 131th Ohio General Assembly H.B. 609*.

23. H.B. 609 in the 131th Ohio General Assembly did not pass and become law, thus, the prohibition against posting or publishing a ballot selfie continued to be part of the election laws of the State of Ohio.

24. And in November 2018, a bill was introduced in the Ohio General Assembly to amend Ohio Rev. Code § 3501.35 and Ohio Rev. Code § 3599.20 so as to remove the prohibition against the posting or dissemination of a ballot selfie. *See 132nd Ohio General Assembly H.B. 759.*

25. H.B. 759 in the 132nd Ohio General Assembly did not pass and become law, thus, the prohibition against posting or publishing a ballot selfie continued to be part of the election laws of the State of Ohio.

26. Thus, given the recent opportunity to change the law so as to permit the posting or publication of a ballot selfie, the Ohio General Assembly has, instead, maintained the prohibitions in Ohio Rev. Code § 3501.35(A)(4) and/or Ohio Rev. Code § 3599.20.

27. With no change being made since 2016 to Ohio Rev. Code § 3501.35(A)(4) and/or Ohio Rev. Code § 3599.20, public officials in the State of Ohio have continued to publicize the illegality of posting or dissemination of a ballot selfie and persons in the State of Ohio have continued to be stifled in the full and robust dissemination of core political speech through the posting or publication of a ballot selfie.

28. In November 2019, Mike West, in his capacity as the Community Outreach Manager for the CUYAHOGA COUNTY BOARD OF ELECTIONS, reiterated publicly on behalf of the CUYAHOGA COUNTY BOARD OF ELECTIONS that to post or publish ballot selfies is a violation of Ohio election law. Such a pronouncement by Mike West on behalf of the CUYAHOGA COUNTY BOARD OF ELECTIONS was consistent with the declaration by the

CUYAHOGA COUNTY BOARD OF ELECTIONS on its Twitter account in 2016 that "it is illegal in [Ohio] to post a picture of your voted ballot". *See* https://fox8.com/news/ballot-selfies-illegal-under-ohio-election-law/.

29. The continued pronouncement by elections officials in the State of Ohio, including the CUYAHOGA COUNTY BOARD OF ELECTIONS, that it is illegal to post or publish a ballot selfie has caused individuals throughout the State of Ohio to self-censored their core political speech.

30. In or about October 2019, Spencer Vago was a candidate for election in Strongsville City Council in Cuyahoga County, Ohio. In or about October 2019, Spencer Vago cast an absentee ballot and proceeded to post a photograph of his voted absentee ballot on social media (wherein he showed that he had voted for himself and an unopposed candidate). Soon after posting a photograph of his voted absentee ballot on social media, Spencer Vago was apprized that the posting on social medial a photograph of his voted ballot was illegal under Ohio law and, as a result, Spencer Vago promptly removed the content of his social media post. *See* https://www.cleveland.com/community/2019/10/strongsville-city-council-candidate-removes-illegal-ballot-photos-from-campaign-facebook-page.html.

31. In 2020, in response to a direct inquiry of whether it is "OK to take selfie shots of your ballot during or after voting", Timothy Monaco, the Deputy Director of the Lucas County (Ohio) Board of Elections declared unequivocally, "No, it is not legal." *See* https://www.wtol.com/article/news/politics/campaign-2020/what-to-know-before-you-vote-in-ohio/512-8f0577a0-5a2f-400d-a058-f2036892dca0.

32. Similarly, on October 7, 2020, Kimberly Ann Fusco, the Director of the Columbiana

County (Ohio) Board of Elections, reiterated through comments on a Facebook post that it was illegal to post a ballot selfie so as to show one's voted ballot and specifically citing to a violation constituting a felony:



33. The pronouncements by or on behalf of the CUYAHOGA COUNTY BOARD OF ELECTIONS that it is illegal to post a picture of one's voted ballot, *i.e.*, a ballot selfie, constitute the policy, practice, or custom of the CUYAHOGA COUNTY BOARD OF ELECTIONS to restrict or stifle core political speech in the form of ballot selfies.

34. To date, FRANK LAROSE, in his capacity as Ohio Secretary of State, has not repudiated or corrected the declaration by election officials throughout the State of Ohio that it is illegal under Ohio law to post a ballot selfie.

35. On October 20, 2020, ALISON KAREEM cast her ballot at the Offices of the

Cuyahoga County Board of Elections for the general election to be conducted on November 3, 2020.

36. In casting her ballot, ALISON KAREEM took a photograph of her voted or completed ballot, desirous of posting such photograph on social media so as to not only make an affirmative declaration of having voted but, more importantly, to advocate to others to support and to vote for the specific candidates ALISON KAREEM had voted for as shown on the photograph of her voted ballot.

37. However, ALISON KAREEM forwent and has continued to forego posting the photograph of her voted ballot on social media, *i.e.*, posting a ballot selfie, as doing so would constitute a violation of Ohio Rev. Code § 3501.35(A)(4) and/or Ohio Rev. Code § 3599.20 as explicitly pronounced by the CUYAHOGA COUNTY BOARD OF ELECTIONS and other elections officials throughout the State of Ohio.

38. But for the prohibition in Ohio Rev. Code § 3501.35(A)(4) and/or the foregoing prohibition in Ohio Rev. Code § 3599.20, together with the continued pronouncement by, *inter alia*, the CUYAHOGA COUNTY BOARD OF ELECTIONS that it is illegal in Ohio to post a picture or photograph of one's voted ballot, ALISON KAREEM would have posted the photograph of her voted ballot on social media.

39. In future elections, ALISON KAREEM desires to post a photograph of her voted ballot on social media as a form of core political speech in support of the candidates she votes for at such elections, but she will continue to not post said photograph in light of the prohibition in Ohio Rev. Code § 3501.35(A)(4) and/or Ohio Rev. Code § 3599.20.

40. Thus, as a result of Ohio Rev. Code § 3501.35(A)(4) and/or Ohio Rev. Code § 3599.20

prohibiting the publication or dissemination of a photograph of a voted ballot, *i.e.*, a ballot selfie, ALISON KAREEM, as well as other throughout the State of Ohio, have suffered and will continue to suffer irreparable injury to their fundamental constitutional rights, both as speakers and the recipients of core political speech.

41. As a direct and proximate of the actions and pronouncements of the CUYAHOGA COUNTY BOARD OF ELECTIONS, ALISON KAREEM has suffered injury and damages.

### FIRST CAUSE OF ACTION
### (Deprivation of Civil Rights, 42 U.S.C. § 1983)

42. Plaintiff incorporates by reference all of the foregoing paragraphs as if fully restated herein.

43. To the extent they prohibit the publication or dissemination of a photograph of a voted ballot, *i.e.*, a ballot selfie, Ohio Rev. Code § 3501.35(A)(4) and/or Ohio Rev. Code § 3599.20 infringe and burden the core political speech rights of ALISON KAREEM and others throughout the State of Ohio in violation of the First and Fourteenth Amendments to the United States Constitution.

44. To the extent they prohibit the publication or dissemination of a photograph of a voted ballot, *i.e.*, a ballot selfie, Ohio Rev. Code § 3501.35(A)(4) and/or Ohio Rev. Code § 3599.20 constitute content-based regulations of core political speech that do not satisfy the requirements of strict scrutiny, *i.e.*, justified by a compelling governmental interest that is narrowly drawn to achieve that interest.

45. To the extent they prohibit the publication or dissemination of a photograph of a voted ballot, *i.e.*, a ballot selfie, Ohio Rev. Code § 3501.35(A)(4) and/or Ohio Rev. Code § 3599.20 constitute overbroad restrictions on core political speech as the scope of any legitimate prohibition

within such prohibitions sweeps too widely and encompasses protected political speech within its prohibitions so as to deter constitutionally-protected speech.

46. In order to prevent further violations of the constitutional rights of ALISON KAREEM and others throughout the State of Ohio, it is appropriate and proper that a declaratory judgment be issued, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, that decrees that Ohio Rev. Code § 3501.35(A)(4) and/or Ohio Rev. Code § 3599.20 violate the First and Fourteenth Amendments to the United States Constitutions to the extent such provisions prohibit the posting or publication of a photograph of a voted ballot, *i.e.*, a ballot selfie.

47. Pursuant to 28 U.S.C. § 2202, it is appropriate and hereby requested that this Court issue appropriate injunctive relief, enjoining Defendants and all of their agents and employees from enforcing Ohio Rev. Code § 3501.35(A)(4) and/or Ohio Rev. Code § 3599.20 to the extent such provisions prohibit the posting or publication of a photograph of a voted ballot, *i.e.*, a ballot selfie.

48. Pursuant to 28 U.S.C. § 2202, it is appropriate and hereby requested that this Court issue appropriate injunctive relief, enjoining Defendants and all of their agents and employees from publicly stating that Ohio Rev. Code § 3501.35(A)(4) and/or Ohio Rev. Code § 3599.20 prohibit the posting or publication of a photograph of a voted ballot, *i.e.*, a ballot selfie.

49. Due to the infringement of her fundamental constitutional rights, ALISON KAREEM is entitled to at least nominal damages from the CUYAHOGA COUNTY BOARD OF ELECTIONS.

WHEREFORE, Plaintiff ALISON KAREEM prays for judgment against the Defendants and in her favor, including:

A. Adjudging, decreeing and declaring the rights and other legal relations of the parties to the subject matter in controversy in order that such declarations have the force and effect of final judgment and that the Court retain jurisdiction of this case for the purpose of enforcing the Court's Order;

B. Declaring Ohio Rev. Code § 3501.35(A)(4) and Ohio Rev. Code § 3599.20 violate the First and Fourteenth Amendments to the United States Constitution to the extent such statutes prohibit the posting or publication of a photograph of a voted ballot, *i.e.*, a ballot selfie;

C. Issuing appropriate injunctive relief so as to enjoin Defendants, their agent, employees, and all persons acting in active concert with them or at their direction, from enforcing Ohio Rev. Code § 3501.35(A)(4) and Ohio Rev. Code § 3599.20 to the extent such statutes prohibit the posting or publication of a photograph of a voted ballot, *i.e.*, a ballot selfie;

D. Awarding damages and, pursuant to 42 U.S.C. § 1988, attorney fees and costs;

E. Such other relief to which Plaintiff may be entitled, in law or in equity.

Respectfully submitted,

    */s/ Curt C. Hartman*

| | |
|---|---|
| Christopher P. Finney | Curt C. Hartman |
| FINNEY LAW FIRM LLC | THE LAW FIRM OF CURT C. HARTMAN |
| 4270 Ivy Point Blvd., Suite 225 | 7394 Ridgepoint Drive, Suite 8 |
| Cincinnati, OH 45245 | Cincinnati, OH 45230 |
| (513) 943-6655 | (513) 379-2923 |
| *chris@finneylawfirm.com* | *hartmanlawfirm@fuse.net* |

*Attorneys for Plaintiff Alison Kareem*

–12–