# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  | 100 EAST FIFTH STREET, ROOM 540 |  |
|---|---|---|
| Kelly L. Stephens | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed:  June 03, 2026

Mr. Curt C. Hartman
7394 Ridgepoint Drive
Suite 8
Cincinnati, OH 45230

     Re:  Case No. 26-3505
       *In re: Alison Kareem*
       Originating Case No. 1:20-cv-02457

Dear Mr. Hartman,

The petition for writ of mandamus or prohibition has been docketed as case number **26-3505** with the caption listed above.  If you have not already done so, you must mail a copy of the petition to the lower court judge and counsel for all the other parties.

The filing fee for the petition is $600, which is payable to the Clerk, Sixth Circuit Court of Appeals.  If you wish to seek a waiver of the filing fee, a motion for pauper status with a completed financial affidavit is due by **June 17, 2026**.  The financial affidavit is available at www.ca6.uscourts.gov.

Counsel for petitioner must file an Appearance of Counsel form and, if not admitted, apply for admission to the 6th Circuit Bar by **June 17, 2026**.  The forms are available on the court's website.

The district court judge to whom this petition refers has been served with this letter.

Sincerely yours,

s/Kelly Stephens

Appeal Case Manager: James
Direct Dial No. 5135647019

cc: Mr. Christian Marc Capece

**RECEIVED**
6/3/26
KELLY L. STEPHENS, Clerk

No. _____

In the

# United States Court of Appeals
## for the Sixth Circuit

**In re ALISON KAREEM,**

*Petitioner.*

**Proceeding under the *All Writs Act* concerning proceedings before the United States District Court for the Northern District of Ohio in *Kareem v. Cuyahoga Cty. Bd. of Elec., et al.*, Case No. 1:20-CV-2457**

## PETITION FOR WRIT OF MANDAMUS

Curt C. Hartman
THE LAW FIRM OF CURT C. HARTMAN
7394 Ridgepoint Drive, Suite 8
Cincinnati, Ohio   45230
Telephone:  (513) 379-2923
hartmanlawfirm@fuse.net

Christopher P. Finney
FINNEY LAW FIRM LLC
4270 Ivy Point Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6655
chris@finneylawfirm.com

*Attorneys for Petitioner Alison Kareem*

Comes now Petitioner ALISON KAREEM and, pursuant to the All Writs Act (28 U.S.C. § 1651) and Fed. R. App. P. 21, states as follows:

1.     Petitioner ALISON KAREEM is the Plaintiff in the *Underlying Case* currently pending in the United States District Court for the Northern District of Ohio, styled *Alison Kareem v. Cuyahoga Cty. Bd. of Elec., et al*, which has been assigned Case No. 1:20-CV-2457.

2.     Respondent DAVID RUIZ is the judge presiding over the *Underlying Case*.

3.     Respondent CUYAHOGA COUNTY BOARD OF ELECTIONS and Respondent FRANK LAROSE are Defendants in the *Underlying Case*.

4.     On **October 30, 2020**, Alison Kareem commenced the *Underlying Case* with the filing of a *Complaint* (District Court Docket No. 1, PageID#1-12), wherein she challenged the constitutionality, under the First and Fourteenth Amendments to the United States Constitution, of Ohio Rev. Code § 3501.35(A)(4) and Ohio Rev. Code § 3599.20 to the extent such statutory provisions prohibit or may prohibit Plaintiff and all other voters in the State of Ohio from publishing or otherwise disseminating a photograph of their voted ballot, *i.e.*, a ballot selfie.

5.     Due to the proximity of the forthcoming election at the time of the commencement of the *Underlying Case*, Alison Kareem did not seek preliminary

- 1 -

injunctive relief in light of the *Purcell* principle.  *See Tennessee Conf. of the NAACP v. Lee*, 105 F.4th 888, 890 (6th Cir. 2024) ("the Supreme Court's '*Purcell* principle,' which instructs federal courts not to disrupt state election rules close to an election").

6.  Following discovery in the *Underlying Case*, the parties filed cross-motions for summary judgment (District Court Docket Nos. 24, 26 & 27, PageID#94-131, 323-36, 521-40).

7.  The briefing on the cross-motions for summary judgment was completed on **April 13, 2022**.

8.  Ultimately, on **March 31, 2023**, the District Court in the *Underlying Case* entered its ruling on the cross-motions for summary judgment, dismissing the *Underlying Case* due to the lack of standing on the part of the Plaintiff.

9.  An *Appeal* to the United States Court of Appeals for the Sixth Circuit was taken from the dismissal of the *Underlying Case* in an appeal styled *Alison Kareem v. Cuyahoga Cty. Bd. of Elec., et al*, which was assigned Case No. 23-3330.

10. On **March 18, 2024**, the United States Court of Appeals for the Sixth Circuit issued its decision in the *Appeal*, concluding that the Plaintiff Alison Kareem had standing and, accordingly, reversing the grant of summary judgment to Defendants for lack of standing and remanding to the District Court for further

proceedings.  *See Kareem v. Cuyahoga Cty. Bd. of Elec.*, 95 F.4th 1019 (6th Cir. 2024).

11.  On **April 5, 2024**, the *Mandate* issued from the United States Court of Appeals for the Sixth Circuit.

12.  On **April 16, 2024**, all parties in the *Underlying Case* filed a *Joint Motion to Renew Parties' Motions for Summary Judgment* (District Court Docket No. 46, PageID#1095-97).  Within said *Joint Motion*, the parties represented that "[t]he parties' motions for summary judgment fully addressed the merits of Plaintiff's claim, and no party seeks to supplement the record.  Accordingly, the parties jointly renew their motions for summary judgment and, if feasible, request a decision in advance of the November 2024 general election."

13. As the November 2024 general election approached, undersigned counsel made multiple calls to the courtroom deputy in the *Underlying Case* simply seeking to ensure chambers was appreciative of the case and the forthcoming presidential election, and of the parties' agreement for resubmission of the cross-motions for summary judgment.

14.  After the general election in November 2024 passed without a decision on the cross-motions for summary judgment, counsel for Plaintiff filed on **November 25, 2024**, an *Unopposed Motion for Telephone Status Conference* (District Court Docket No. 47, PageID#1098-1100).

15.  On **February 5, 2025**, through a *Minute Entry*, the District Court in the *Underlying Case* granted the *Joint Motion to Renew Parties' Motions for Summary Judgment* (see paragraph 12, *supra*) and denied as moot the *Unopposed Motion for Telephone Status Conference* (see paragraph 14, *supra*).

16.  Within the *Minute Entry* entered on February 5, 2025, the District Court in the *Underlying Case* stated that "it will render its ruling on [the] cross-motions for summary judgment in due course."  To date, no such ruling has issued.

17.  When no ruling on the cross-motions for summary judgment was forthcoming, counsel for Plaintiff filed on **July 29, 2025**, an *Unopposed Renewed Motion for Telephone Status Conference* (District Court Docket No. 49, PageID#1103-05).

18.  Ultimately, on **February 10, 2026**, the District Court in the *Underlying Case* conducted a telephone status conference with counsel for the parties.  During that telephone conference call, the parties called to the Court's attention the fact that the *Underlying Case* involved an election-related matter with First Amendment implications, and that there was an approaching primary election to be held on May 5, 2025, as well as the fact that early voting would start on April 7, 2025 (with overseas ballots being sent out even prior to that date).  During that telephone conference call, the District Court acknowledged the foregoing time

implications and indicated it would attempt to issue a decision on the cross-motions for summary judgment in advance thereof.

19. Despite the indications during the telephone status conference held on February 10, 2026, the primary election in Ohio held on May 5, 2026, passed without a decision on the cross-motions for summary judgment.

20. It has now been over 2 years since the *Underlying Case* was remanded from the Sixth Circuit and all parties filed the *Joint Motion to Renew Parties' Motions for Summary Judgment* (see paragraph 12, *supra*).

21. "[D]istrict courts ordinarily enjoy broad discretion in matters of pretrial management, scheduling, and docket control." *Kimble v. Hoso*, 439 F.3d 331, 336 (6th Cir. 2006).

22. However, "because [the Sixth Circuit] look[s] 'unfavorably upon lengthy, unjustified, and inexplicable delays on the part of district courts in deciding cases,' mandamus may be warranted if the district court 'persistently and without reason refuses to adjudicate a case properly before it." *In re Yeager*, 2020 U.S. App. LEXIS 29854, at *1, Case No. 20-3678 (6th Cir. Sept. 17, 2020)(quoting respectively, *Campbell v. PMI Food Equip. Grp., Inc.*, 509 F.3d 776, 782 (6th Cir. 2007), and *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661-62 (1978)).

23. As the cross-motions for summary judgment have been pending and ripe for decision for over two years, there has been a lengthy, unjustified, and inexplicable delay in the District Court issuing a decision thereon.

24. Furthermore, as the *Underlying Case* challenges statutes which restrict the exercise of First Amendment rights of the Plaintiff therein (and others), the Plaintiff (and others) has and will continue to suffer irreparable harm and injury during each election cycle unless and until a final adjudication is made as to the constitutionality of the challenged statutes. *See Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998)(the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury").

25. As the cross-motions for summary judgment in this election-related case implicating the First Amendment have been pending now for over two years without a decision and without any justifiable reason therefor, issuance of a writ of mandamus is warranted directing the District Court to proceed forthwith to adjudicate and issue a decision on the cross-motions for summary judgment.

Respectfully submitted,

*/s/ Curt C. Hartman*
Curt C. Hartman
THE LAW FIRM OF CURT C. HARTMAN
7394 Ridgepoint Drive, Suite 8
Cincinnati, Ohio    45230
(513) 379-2923
*hartmanlawfirm@fuse.net*

Christopher P. Finney (0038998)
FINNEY LAW FIRM
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio   45245
(513) 943-6655
*chris@finneylawfirm.com*

*Attorneys for Respondent Alison Kareem*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was or will be served upon the following Respondent or counsel for Respondents via email on this the 1st day of June 2026:

Chambers of Judge David Ruiz via Courtroom Deputy
(*Colleen_A_Gallagher@ohnd.uscourts.gov*)

Counsel for Cuyahoga County Board of Elections
(*mmusson@prosecutor.cuyahogacounty.us*)

Counsel for Ohio Secretary of State
(*Ann.Yackshaw@OhioAGO.gov*)
(*Gregory.Rustico@OhioAGO.gov*)
(*Julie.Pfeiffer@OhioAGO.gov*)

*/s/ Curt C. Hartman*

- 8 -